**THE SHAPIRO FIRM, LLP**
Robert J. Shapiro
Jonathan S. Shapiro
500 Fifth Avenue, 14th Floor
New York, New York 10110
Telephone: 212-391-6464

*Local Counsel for Plaintiffs*

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
David Kessler
Stuart L. Berman
Darren J. Check
John A. Kehoe (JK-4589)
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: 610-667-7706

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARBEJDSMARKEDETS TILLAEGSPENSION ("ATP"); INDUSTRIENS PENSIONSFORSIKRING A/S; and ARCA SGR S.p.A.<br><br>Plaintiffs,<br><br>vs.<br><br>VIVENDI, S.A., JEAN-MARIE MESSIER and GUILLAUME HANNEZO<br><br>Defendants. | CASE NO. **07-CV-9229**<br><br>**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS** |

TO:   Paul C. Saunders, Esq.
      Daniel Slifkin, Esq.
      CRAVATH SWAINE & MOORE LLP
      825 Eighth Avenue
      New York, New York 10019
      (212) 474-1000

      On behalf of and as counsel for defendant
      Vivendi Universal, S.A.

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number **07-CV-9229**.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this **16ʰ** day of **October, 2007**.

THE SHAPIRO FIRM, LLP

By: _____
   Robert J. Shapiro
500 Fifth Avenue, 14th Floor
New York, New York 10110
Telephone: 212-391-6464

*Local Counsel for Plaintiffs*

3

**THE SHAPIRO FIRM, LLP**
Robert J. Shapiro
Jonathan S. Shapiro
500 Fifth Avenue, 14th Floor
New York, New York 10110
Telephone: 212-391-6464

*Local Counsel for Plaintiffs*

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
David Kessler
Stuart L. Berman
Darren J. Check
John A. Kehoe
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: 610-667-7706

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARBEJDSMARKEDETS TILLAEGSPENSION ("ATP"); INDUSTRIENS PENSIONSFORSIKRING A/S; and ARCA SGR S.p.A.<br>Plaintiffs,<br>vs.<br>VIVENDI, S.A., JEAN-MARIE MESSIER and GUILLAUME HANNEZO<br>Defendants. | CASE NO. **07-CV-9229**<br><br>**WAIVER OF SERIVICE OF SUMMONS**<br>[Fed. R. Civ. P.4(d)] |

I acknowledge receipt of your request that I waive service of a summons in the above captioned action, case number **07-CV-9229**, in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the

action, this instrument, and an additional copy of the Notice and request and an additional copy of this instrument, together with an addressed return Federal Express envelope, prepaid by attorneys for Plaintiffs, by which I can return a copy of the signed waiver to you with no cost.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the party on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the party on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served on you within 60 days from October 16, 2007.

Dated: ~~October~~ November 6, 2007

Vivendi Universal, S.A.
By: CRAVATH SWAINE & MOORE LLP
On behalf of and as counsel for defendant
Vivendi Universal, S.A.

*/s/ Michael T. Reynolds*
Paul C. Saunders, Esq.
Daniel Slifkin, Esq.

MICHAEL T. REYNOLDS
Print Name
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

2

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF PROCESS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary cost of service of the summons and complaint. A defendants located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

3